**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| KENNETH JOHANSEN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, ERIC MABRY, and LANDON PILCHER,<br><br>Defendants. | Case No. 2:21-cv-00036<br><br>Judge Sarah D. Morrison<br><br>Magistrate Judge Chelsey M. Vascura |

**FINAL APPROVAL ORDER AND JUDGMENT**

On April 19, 2023, this Court heard the motion for final approval of the class action settlement and for entry of judgment filed by Plaintiff.[1] This Court reviewed: (a) the motion and the supporting papers, including the Settlement Agreement and Release ("Settlement Agreement"); (b) the Parties' responses to any objections; and (c) counsel's arguments. No objections were filed with or presented to the Court. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

   **1.**   Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it.  Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the arguments raised by The Northwestern Mutual Life Insurance Company, Eric Mabry and Landon

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

Pilcher (collectively, "Defendants") in their pleadings that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2. The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and Defendants' Counsel resulting in the Settlement Agreement. These negotiations were presided over by an experienced, court-appointed mediator.

3. The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments.

4. Notice was provided to Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

5. Defendants filed a copy of the notice they gave pursuant to 28 U.S.C. § 1715(b), and the notice complies with the requirements of 28 U.S.C. § 1715(b).

6. Plaintiff and Settlement Class Counsel have fairly and adequately protected the Settlement Class's interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

7. For the reasons stated in the Preliminary Approval Order, and having found nothing that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23 (a) and (b)(3).

**IT IS ORDERED THAT:**

8. **Class Members.**  The Settlement Class is certified as a class of all persons in the United States (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Eric Mabry, (3) within a 12-month period, (4) from four years prior to January 6, 2021.

9. **Binding Effect of Order**.  This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under the Preliminary Approval Order.  This Order does not bind persons who filed timely and valid requests for exclusion.

10. **Release**.  Plaintiff and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Defendants from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Sections 1.19, 1.20, 1.21, and 2.2 of the Settlement Agreement and are specifically incorporated herein by this reference.

11. **Class Relief**. Defendants are directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement. The Settlement Administrator is further directed to issue payments to each Settlement Class Member according to the terms and timeline stated in the Settlement Agreement.

12. **Fees, Costs, and Expenses Award.** Settlement Class Counsel are awarded $208,961 from the Settlement Fund in fees and costs. Payment shall be made pursuant to the manner and timeline stated in Section 3 of the Settlement Agreement.

13. **Settlement Administrator Expenses.** The Settlement Administrator is awarded its total incurred fees and costs, not to exceed $75,000, from the Settlement Fund.

14. **Service Award.** The Plaintiff is awarded $10,000 from the Settlement Fund.

15. **Cy Pres Distribution.** Pursuant to the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to the National Consumer Law Center.

16. **Miscellaneous.** No person or entity shall have any claim against Defendants, Defendants' Counsel, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Agreement.

17. **Court's Jurisdiction**. Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties for all purposes related to this settlement.

**IT IS SO ORDERED** this _19_ day of _April_, 2023.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**